### No. 2577

### Second Circuit

### BALL & BARRON v. WUNSCH

(June 2, 1926. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, namely, the employment of an architect, being clearly correct, is affirmed.

2. **Louisiana Digest—Marriage—Par. 175.**

The wife is not liable individually for the debts of the community.

Appeal from the City Court of Alexandria Ward, Parish of Rapides, Louisiana. Hon. J. B. Nachman, Judge.

Action by E. Lee Ball and C. Erril Barron against Ashton Wunsch and wife.

There was judgment for plaintiffs and defendants appealed.

Judgment affirmed as against Ashton Wunsch but reversed as against his wife.

K. Hundley, of Alexandria, attorney for plaintiffs, appellees.

No appearance for defendants, appellants.

ODOM, J. The plaintiffs, who are licensed architects in the city of Alexandria, Louisiana, brought this suit to recover the sum of $222.00, which amount they allege is due them for making preliminary plans for the erection of a building for the defendants in the city of Alexandria.

Plaintiffs ask judgment against both defendants, Ashton Wunsch and wife.

The defendants resisted the demand on the ground that they did not employ plaintiffs to make such plans and that they at no time authorized them to do any work of any character for them.

There was judgment in the lower court in favor of the plaintiffs for the full amount sued for, the judgment being against both Ashton Wunsch and his wife. The defendants have appealed.

### OPINION

The defendants are not representd before this court by counsel. The attorney who represented them in the lower court

having failed to appear in this court to argue the case and has filed no brief.

We have carefully considered the testimony adduced on the trial of the case and are convinced that plaintiffs are entitled to recover the sum for which they sue.

They both testified that in the latter part of the year 1924 plaintiff and his wife signified to them their intention of erecting a building in the city of Alexandria, the lower story of which was to be used as a plumbing shop and the upper story as living quarters. They testified that Mr. Wunsch made repeated visits to their office and after instructing them to prepare plans for the building reappeared after the plans had been drawn and made suggestions with reference thereto and especially with reference to certain changes which he wanted made. Their testimony is corroborated by that of Mr. Larry Wilson, who testified that on one occasion he was in the office of the plaintiffs and overheard a conversation between one of them and Mr. Wunsch with reference to the plans for the building. Mr. Wilson did not recall all the details with reference to the conversation which he overheard, but he testified that the parties were examining plans and were discussing the details of the building to be erected.

The defendant, Mr. Wunsch, testified that he did not employ plaintiffs or either of them to prepare any plans for him, but admits that they did prepare such plans and exhibit them to him and that he went over the plans with them and made certain suggestions with reference to such plans.

Mrs. Wunsch testified positively that she had at no time authorized plaintiffs to prepare such plans, but she admits that on more than one occasion she was in the office of the plaintiffs after the plans had been drawn up and that she looked them over but made no suggestions with reference thereto.

The plaintiff, Ball, testified positively that Mr. Wunsch had authorized him to prepare the plans for the building, and we are satisfied that is true. It does not seem reasonable that plaintiffs would have made such plans and submit them to and discuss them with defendants if they had not been authorized to do so. We cannot imagine any reason for their spending their time and labor preparing the plans if they were not authorized to do so by the defendants.

The suggestion of defendant, Mr. Wunsch, that plaintiffs voluntarily made the plans and submitted them to him without being previously authorized to do so, does not appeal to us as being reasonable.

Plaintiffs testified that defendants suggested that they desired to erect a building to cost approximately $18,500.00, and that the customary fees charged by architects in case a building is supervised by them after making plans and specifications is 6% and that in case the plans are made and submitted and no work of supervision is done by them the customary fee is one-fifth of 6%, which is the amount claimed in this suit, it being conceded that the building was never erected.

We are convinced that the judge of the lower court reached a correct conclusion on the facts. However, we think he erred in granting judgment against Mrs. Wunsch. It is alleged in plaintiffs' petition that a community of acquets and gains existed

between. Mr. Wunsch and his wife and that the contemplated building was to be erected with community funds. It is also alleged that Mrs. Wunsch, while not separated in property from her husband, owns property in her own name and right. However, the testimony of both Mr. and Mrs. Wunsch is that Mrs. Wunsch owns no property whatever and has no funds of her own. It seems that she did own a residence about eight years ago but sold it. The defendant; Mr. Wunsch, conducts a plumbing business in the city of Alexandria and his wife renders him some assistance in connection with that business by collecting bills for him; beyond that she has no interest whatever in the business more than any wife has in the business of her husband during the community.

There is no testimony whatever in the record which warrants the court in holding that she is liable on the debt. It is purely a community debt for which the husband alone is liable.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed as against the defendant, Ashton Wunsch, and further ordered, adjudged and decreed that it be reversed and set aside as to Mrs. Ashton Wunsch, defendant Ashton Wunsch to pay all costs.